NO. 07-02-0145-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 17, 2004



______________________________




CLIFFORD SCOTT MEDLEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 35,170-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Clifford Scott Medley appeals from his conviction for murder and
punishment of 40 years incarceration. We affirm. 

 On or about May 30, 1995, Frankie Steinbrecher was strangled to death in Potter
County. Appellant was indicted for murder in connection with Steinbrecher's death. 

 Appellant pled not guilty to the charge and was tried to a jury in April 1998. This
court, in Cause No. 07-98-0225-CR, reversed the resulting conviction and remanded the
case for new trial. 

 Following retrial, held from March 5-8, 2002, a jury found appellant guilty of murder
and assessed his punishment at 40 years imprisonment in the Texas Department of
Criminal Justice, Institutional Division. Appellant timely filed a motion for new trial and
gave notice of appeal. 

 Appointed counsel for appellant has filed a Motion to Withdraw as counsel and a
brief in support thereof. In support of the motion to withdraw, counsel has certified that,
in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that appeal would be frivolous. Counsel
has discussed why, under the controlling authorities, there is no arguably reversible error
in the trial court proceedings or judgments. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). 

 Counsel has certified that a copy of the Anders brief and Motion to Withdraw as
Counsel have been served on appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a pro se response. Appellant has filed
a pro se response. By his response, appellant presents 20 issues. These 20 issues are
generally related to four substantive areas: (1) whether the retrial of appellant offended the
Constitutional guarantee against double jeopardy, (2) whether the trial court erred in
admitting appellant's testimony from the first trial to impeach his inconsistent testimony at
the retrial, (3) whether the trial court acted in such a precipitate and reckless manner that
it consciously disregarded appellant's Constitutional rights, and (4) whether there was
sufficient factual evidence presented to support the conviction.

 Issue groups one through three in the pro se response turn on the question of the
propriety of the trial court's admission of appellant's prior testimony for purposes of
impeachment. (1) We agree with appellate counsel that prior testimony is admissible for
impeachment purposes if freely and voluntarily given, even if obtained in violation of
prophylactic rules designed to protect Constitutional rights. See Michigan v. Harvey, 494
U.S. 344, 351, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990); Harris v. New York, 401 U.S. 222,
224-25, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Garza v. State, 18 S.W.3d 813, 826-27
(Tex.App.-Fort Worth 2000, pet. ref'd).

 Prior to allowing the State to use appellant's prior testimony to impeach his
testimony in the present case, the trial court held a hearing on the voluntariness of the prior
testimony and found that the testimony was voluntarily given. There is sufficient evidence
in the record of the retrial and the first trial to support the trial court's voluntariness finding.
The trial court did not abuse its discretion in admitting the prior testimony for impeachment
purposes. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). The
evidence is similar to that presented at the first trial and referenced in our opinion on the
first appeal. The evidence is clearly legally and factually sufficient to support conviction.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds on which an appeal could arguably be founded. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree
with appellate counsel that the appeal is without merit.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Chief Justice



Do not publish. 


1. ' 
 ' 
 
 ' 
 
 
 


="font-family: 'Arial', sans-serif">_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.
          Clarence M. Boyd, Jr. was convicted of aggravated robbery and given a life
sentence. In challenging the conviction, he argues that 1) the evidence was factually
insufficient to support the verdict due to the unreliable in-court identification, and 2) the
court erred in admitting testimony from Brandi Anderson about what was said in her
presence after the robbery because it denied appellant his right of confrontation. We
overrule the issues and affirm the judgment. 
          Background
          On July 1, 2005, Darla Reno and her husband Roger were working at the Dalton
Floors store in Lubbock which they managed. Jarrod Hull was also employed at the store. 
Around 11:30 a.m., a black man, later identified as appellant, entered the store and asked
Darla about carpet measurements. She directed the man to Roger who was behind the
counter. As Roger began to calculate the measurements, appellant pulled a gun on Roger
and demanded cash which Roger gave him from the cash drawer. Appellant then asked
for the “other money.” Under the counter were two other bags. One of those bags
contained overflow money and the other one was a “dummy bag.” Roger gave the dummy
bag to appellant who then asked for the other money. At that point, Roger suspected
someone who worked at the store was involved. Roger gave appellant the overflow bag,
and appellant left. 
          Several days after the robbery, Brandi Anderson made a phone call to Roger during
which she told him she had been in the parking lot of an apartment complex when she
heard appellant and Jarrod talking about taking money from the store. She also told
Roger that after the robbery, Jarrod had come back to the apartment complex looking for
appellant in order to split the proceeds of the robbery.


 
          Issue 1 - Factual Sufficiency of the Evidence
          Appellant initially contends that the evidence is factually insufficient to support the
identification of him as the perpetrator of the charged offense. The standard by which we
review factual sufficiency challenges is set forth in Watson v. State, 204 S.W.3d 404 (Tex.
Crim. App. 2006). We refer the parties to that opinion. And, in considering that standard,
we overrule the issue.
          Neither Darla nor Roger were able to identify appellant in a photo spread prior to
trial. Nor did Darla identify appellant at trial as the robber. However, Roger did, and in
doing so, he testified that he had looked at appellant’s face and that he was “100 percent
sure” . . . “[b]ecause you don’t forget somebody that puts a gun on you.” He also explained
his inability to identify appellant in the photo spread because “[n]ot everybody photographs
the same as they look in person.” In short, Roger’s in-court identification was unequivocal. 
That he could not remember what shirt or pants the robber wore or that his identification
was not made until approximately eleven months after the event go to the weight and
credibility of the identification, which, in turn, is for the jury to determine. Sosa v. State,
177 S.W.3d 227, 230 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (holding that the
contention that an identification was unreliable because the intruder wore a mask goes to
the witness’ credibility); Harvey v. State, 3 S.W.3d 170, 175 (Tex. App.–Houston [14th Dist.]
1999, pet. ref’d) (holding that the argument that the witness did not have the time,
opportunity, or emotional wherewithal to get a good look at the gunman went to the weight
of the evidence and the credibility of the witness). And, a verdict is not rendered factually
insufficient simply because the jury resolved those credibility issues against the accused. 
Harvey v. State, 3 S.W.3d at 175. 
          We further note that a police officer was allowed to testify that Jarrod identified
appellant as the robber from a photo spread and that Brandi identified appellant as one of
the persons having a discussion about taking money from the store. Appellant contends
that no weight should be assigned this evidence because Jarrod was an accomplice and
Brandi was a felon attempting to obtain a reward for her testimony. Yet, those matters too
are for the jury to weigh in determining the credibility of those witnesses. See Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (holding that the jury is the exclusive
judge of the credibility of the witnesses and the weight to be given their testimony). And,
when considering both their testimony and the applicable standard of review, we cannot
say that the evidence of guilt was weak or overwhelmed by contrary evidence. In short,
the verdict enjoys the support of factually sufficient evidence.



          Issue 2 - Confrontation Clause
          Appellant next complains of the decision to admit Brandi’s reiteration of what Jarrod
said after the robbery about wanting his share of the money. This decision purportedly
denied him his right of confrontation.


 We overrule the issue. 
          In determining whether one has been denied his right of confrontation, we must
determine whether the statement is testimonial or non-testimonial. Crawford v.
Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177, 203 (2004). If
testimonial, then admission of the hearsay statement violated a defendant’s right to
confrontation unless the defendant had the opportunity to cross-examine the declarant. 
Id. Next, statements are testimonial when they are akin to1) ex parte in-court testimony
or its functional equivalent such as affidavits, custodial examinations, or prior testimony
that the defendant was unable to cross-examine, 2) pretrial statements that the declarant
would expect to be used in a prosecution, 3) extra-judicial statements in formalized
materials such as affidavits, depositions, prior testimony, or confessions, or 4) statements
made under circumstances that would lead an objective witness to believe that the
statement would be used in a future judicial proceeding. Wall v. State, 184 S.W.3d 730,
735 (Tex. Crim. App. 2006). Indicia surrounding the utterance which should be considered
include 1) to whom it was made, 2) whether it was volunteered or solicited, 3) the setting
in which the utterance was made, and 4) the time it was made. Flores v. State, 170
S.W.3d 722, 724 (Tex. App.–Amarillo 2005, pet. ref’d). 
          Here, Jarrod’s comment about looking for appellant to retrieve his portion of the
stolen money could reasonably be deemed as against Jarrod’s interests and not one which
the declarant would want others to hear. Nor was it said under oath, at any trial, during any
pretrial proceeding, or during discovery. Rather, the words were volunteered to appellant’s
girlfriend during a conversation in an apartment while explaining why the declarant sought
appellant after the robbery. Finally, nothing of record suggests that the information was
part of a conversation involving an attempt to obtain evidence for use in a later prosecution. 
Given these indicia, we cannot say that the trial court’s decision to overrule the reiteration
non-testimonial fell outside the zone of reasonable disagreement. 
 
          The judgment of the trial court is affirmed.
 
                                                                           Per Curiam
 
Do not publish.